928 F.2d 412
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Manfred W. BAIER, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 90-3475.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1991.
 
 MSPB
 AFFIRMED.
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 SKELTON, Senior Circuit Judge.
 
 
 1
 The petitioner appeals from the June 7, 1990, Initial Decision of the Administrative Judge (AJ), Docket No. SLO7529010172, which became the final decision of the Merit Systems Protection Board (MSPB or board) on July 12, 1990, in which the board denied petitioner's claim of involuntary retirement from his government job and also denied his request for a refund of his retirement contributions. We affirm.
 
 OPINION
 
 2
 The facts show that petitioner, a retired master sergeant of the Army, was employed by the Army ROTC as a GS-5 personnel clerk at Tennessee Technological University. During the summer of 1987 he suffered a series of heart attacks by reason of which he applied for a disability retirement. At the time he filed his application he had the option under 5 U.S.C. Sec. 8342(a) of either applying for the retirement or applying for a lump-sum refund of his retirement contributions in the sum of $7,082.05. He did not know that he had this option and the agency did not tell him about it. Based on his own calculations, petitioner was under the impression he would receive $345 per month if his application was approved. When he filed the application, he did not ask anyone at the agency about his options or what his monthly payments would be and no one told him.
 
 
 3
 Petitioner's application was approved on January 7, 1988, and thereafter OPM sent him a civil service annuity statement showing that his disability retirement annuity would be $145 per month instead of $345 per month as calculated by petitioner. OPM enclosed with the statement an annuity payment covering the period from October 30, 1987 to February 28, 1988. When petitioner received the statement and the payment, he filed an application with OPM for a lump-sum refund of his $7,082.05 retirement contributions in lieu of the $145 monthly disability retirement annuity payments. The OPM denied petitioner's request upon the ground that he was not eligible for a lump-sum refund under 5 U.S.C. Sec. 8342(a) because he was receiving a disability retirement annuity at the time he applied for the refund. The OPM advised petitioner it had no authority to change a disability retirement into another type of separation after petitioner had been separated from the agency, and the disability retirement had been approved.
 
 
 4
 Petitioner appealed to the MSPB (or board) from OPM's reconsideration decision denying his request for a lump-sum refund. The case was docketed under No. SLO8318810332 and styled Baier v. OPM. In his appeal, petitioner claimed that the agency had an obligation to counsel with him and inform him of his options at the time he applied for the disability annuity retirement, and its failure to do so entitled him to the lump-sum refund. The AJ agreed with petitioner and held that he was entitled to the refund because at the time he filed his retirement application he lacked the information necessary to make an informed decision relative to his retirement options.
 
 
 5
 The OPM petitioned the board for review of the AJ's decision. The board granted the petition, vacated the AJ's decision, and remanded the case to the AJ for redocketing under a different number (the present number), and for further proceedings against the Department of the Army as the proper respondent instead of OPM. The board held that petitioner's claim was one for involuntary retirement.
 
 
 6
 On another hearing, the AJ held that there was no law requiring the Army to inform petitioner of the amount of his monthly retirement payments or to advise him regarding his eligibility for a lump-sum refund of his retirement contributions. Furthermore, there was no duty or obligation on the part of the Army to counsel petitioner since he had not sought any information or advice on the matters in question. The AJ held further that petitioner's retirement was voluntary and dismissed the appeal. The decision of the AJ became final on July 12, 1990.
 
 
 7
 Section S10-6(d) of the 1983 edition of Subchapter 10 of FPM Supplement 831-1 provides:
 
 
 8
 When an employee indicates intent to submit an application for disability retirement, the agency should assist the employee in every way possible to assure that he/she makes the decision best suited to his/her needs and desires. The agency should give the employee a detailed computation of his/her potential annuity benefit....
 
 
 9
 Baier argues that this language binds the agency to provide him with retirement counseling. We disagree. This court has held that manual provisions are not legally binding. Horner v. Jeffery, 823 F.2d 1521, 1529 (Fed.Cir.1987). Moreover, when an employee indicates no interest in receiving advice, and simply tells the agency which type of annuity he desires, periodic payment vs. lump sum, the government has not failed to comply with this provision of the manual.
 
 
 10
 While an agency decision is properly overturned if it affirmatively misled a potential retiree after the retiree specifically requested counseling, Scarf v. Dept. of the Air Force, 710 F.2d 1572 (Fed.Cir.1983), Baier has failed to show that he was affirmatively misled. We do not find that the board's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or that it was obtained without procedures required by law, rule, or regulation having been followed, or that it was unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Dept. of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).